1  C. GRIFFITH TOWLE
   California Bar No. 146401 (*Pro Hac Vice Application Pending*)
2  *gtowle@bzbm.com*
   JAYNE LAIPRASERT
3  California Bar No. 256930 (*Pro Hac Vice Application Pending*)
   *jlaiprasert@bzbm.com*
4  **BARTKO, ZANKEL, BUNZEL & MILLER**
   One Embarcadero Center, Suite 800
5  San Francisco, California  94111
   Telephone:  (415) 956-1900
6  Facsimile:  (415) 956-1152

7  MARGARET G. FOLEY, ESQ.
   Nevada Bar No. 7703
8  *Margaret.Foley@lewisbrisbois.com*
   CAYLA WITTY, ESQ.
9  Nevada Bar No. 12897
   *Cayla.Witty@lewisbrisbois.com*
10 **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   6385 S. Rainbow Boulevard, Suite 600
11 Las Vegas, Nevada 89118
   Telephone: (702) 893-3383
12 Facsimile:  (702) 893-3789

13 Attorneys for Plaintiff
   SOLAR UNIVERSE, INC.

14

15

16                  UNITED STATES DISTRICT COURT

17               DISTRICT OF NEVADA -- LAS VEGAS

18

19 SOLAR UNIVERSE, INC., a Delaware        )  Case No.
   corporation,                           )
20                                         )
              Plaintiff,                   )  **PLAINTIFF SOLAR UNIVERSE,**
21                                         )  **INC.'S COMPLAINT FOR LANHAM**
        vs.                                )  **ACT VIOLATIONS FOR**
22                                         )  **TRADEMARK INFRINGEMENT,**
   JERSEY ELECTRIC, INC., a Nevada         )  **FALSE ADVERTISING, UNFAIR**
23 corporation; JERSEY SOLAR LAS VEGAS,    )  **COMPETITION; CALIFORNIA**
   INC., a Nevada corporation; BRIAN GECZI, an )  **TRADEMARK INFRINGEMENT AND**
24 individual; and GREGG LAWSON, an        )  **UNFAIR COMPETITION; BREACH**
   individual,                             )  **OF CONTRACT; AND FOR BREACH**
25                                         )  **OF GUARANTY**
              Defendants.                  )
26                                         )

27

28

PLAINTIFF SOLAR UNIVERSE, INC.'S COMPLAINT
Case No. _____

1   Plaintiff Solar Universe, Inc. ("SUN"), by and through its attorneys, for its

2   Complaint against Defendants Jersey Electric, Inc. ("Jersey Electric"), Jersey Solar Las Vegas,

3   Inc. ("Jersey Solar"), Brian Geczi ("Geczi"), and Gregg Lawson ("Lawson") (collectively referred

4   to herein as "Defendants") alleges as follows:

5   **INTRODUCTION**

6   Solar Universe, Inc. ("SUN"), brings this action to stop Defendants' unauthorized

7   operation of a competitive venture using SUN's trademarks and confidential business information

8   as part of a calculated scheme to build a new business directly in competition with SUN and in

9   violation of Defendant Jersey Electric's Franchise Agreement with SUN.  After becoming a SUN

10  franchise in 2011, Defendant Jersey Electric, Inc. ("Jersey Electric"), experienced strong

11  commercial success as an authorized Solar Universe franchise, generating gross sales of almost

12  $4.5 million in 2013.   Realizing that the Las Vegas market for solar and renewable energy

13  products and services is both rapidly growing and highly profitable, Defendants decided that they

14  no longer needed to honor their contract with the franchisor, SUN.  Instead, Defendants struck out

15  on their own, creating a new business entity, Jersey Solar Las Vegas, Inc. ("Jersey Solar"), in a

16  transparent attempt to divert customers from Defendants' Solar Universe business to their new

17  venture.  In doing so, Defendants have unfairly used the SUN trademarks and confidential business

18  information to which they gained access through their franchise relationship for the benefit of their

19  competing business (Jersey Solar) in order to misappropriate the goodwill of a recognized brand

20  and compete in a manner designed to deceive customers and irreparably harm SUN.

21  The Defendants are well aware of the effect of their actions on SUN.  Far from

22  being a small, Mom-and-Pop start-up franchisee, Defendant Jersey Electric is a multi-faceted  and

23  diversified business; solar only makes up a portion of its total business, which also includes

24  electrical services, network and cabling solutions, access control and CCTV installations, and

25  outdoor lighting services.  Having availed themselves of the benefits of SUN's reputation and

26  well-developed system in order to establish a local solar energy product and services business as a

27  SUN franchisee, Defendants deliberately started a new business in direct competition with SUN,

28  offering the same products and services, to the same customers, and using the same SUN

-1-

1  trademarks and confidential information.   Defendants' operation of its competing Jersey Solar

2  business constitutes multiple breaches of the written franchise agreement between SUN and

3  Defendant Jersey Electric, trademark infringement, false advertising, and unfair competition, and

4  damages SUN's franchise system and goodwill, as well as threatens to confuse, deceive and

5  mislead consumers.  These harms are irreparable, and will continue unless Defendants' conduct is

6  enjoined by this Court.   Accordingly, SUN seeks a preliminary and permanent injunction

7  (i) enjoining Defendants' operation of any competing business during the term of the Franchise

8  Agreement; and (ii) prohibiting Defendants' use of SUN's federally registered trademarks, trade

9  secrets, and confidential business information in connection with the operation of any

10  non-franchised business.

## PARTIES

11      1.      Plaintiff Solar Universe, Inc. ("SUN"), is a corporation organized under the

12  laws of Delaware with its principal place of business in Livermore, California.  SUN is authorized

13  to be, and is, in the business of selling SUN franchises in California, Nevada, and other states

14  throughout the United States.

15      2.      On information and belief, Defendant Jersey Electric, Inc. ("Jersey

16  Electric") is a corporation organized under the laws of Nevada, with its principal place of business

17  in Las Vegas, Nevada.

18

19      3.      On information and belief, Defendant Jersey Solar Las Vegas, Inc. ("Jersey

20  Solar") is a corporation organized under the laws of Nevada, with its principal place of business in

21  Las Vegas, Nevada.

22      4.      On information and belief, Brian Geczi is an individual residing in Clark

23  County, Nevada.  Mr. Geczi holds himself out as the President and Owner of Defendant Jersey

24  Electric, and as the President and Treasurer of Defendant Jersey Solar.

25      5.      On information and belief, Gregg Lawson is an individual residing in Clark

26  County, Nevada.  Mr. Lawson holds himself out as an owner of Defendant Jersey Electric, and as

27  the Secretary and Director of Defendant Jersey Solar.

28

-2-

2471.000/827516.6

BARTKO ZANKEL BUNZEL
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

6.     SUN is informed, believes, and thereon alleges that at all times relevant hereto, Defendants Geczi and Lawson were the agents, affiliates, officers, directors, managers, principals, alter egos, and/or employees of Defendants Jersey Electric and Jersey Solar, and were at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and that each Defendant actively participated in or subsequently ratified and adopted, or both, each and all of the acts and conduct alleged herein with full knowledge of all the surrounding facts and circumstances, including full knowledge of each and every violation of SUN's rights alleged herein and of the damages SUN suffered as a result thereof.

7.     SUN is further informed, believes, and thereon alleges that at all times relevant hereto, Defendants Jersey Electric and Jersey Solar acted at the direction and control of Defendants Geczi and/or Lawson.

## JURISDICTION AND VENUE

8.     This action arises under the Federal Lanham Act, 15 U.S.C. § 1051 *et seq.*, as well as California statutory and common law. Subject matter jurisdiction is conferred upon this Court over the federal law claims under 28 U.S.C. § 1331, 28 U.S.C. § 1338 and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

9.     This Court has personal jurisdiction over the Defendants because Defendants reside in this judicial district, and because Defendants do business here and have committed acts and violations that have caused injury in this judicial district.

10.    Venue of this action lies in the District of Nevada pursuant to 28 U.S.C. § 1391.

## FACTS

### A.     Solar Universe's Business and Trademarks

11.    SUN is in the business of, among other things, franchising Solar Universe® businesses ("Solar Universe Business[es]") to third parties. Solar Universe Businesses provide solar photovoltaic installation, renewable energy applications and energy consulting to retail and commercial customers in designated territories.

BARTKO ZANKEL BUNZEL
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

-3-

12.     For more than 5 years, SUN has sold franchises to qualified entities and persons for the operation of Solar Universe Businesses, which operate in conformity with the plans and specifications established by SUN and use SUN's uniform systems, equipment packages, customer practices, certain standard policy procedures, operating manuals, techniques and specifications, and other benefits (the "SUN System").

13.     SUN controls the use of certain unique registered trademarks and service marks, trade names, signs, identification schemes, information and logos, including those for its network of franchised Solar Universe Businesses (collectively, the "SUN Marks" or "Marks"). (Franchise Agreement, ¶ 1.)   SUN provides its authorized franchisees with certain benefits, including but not limited to, common identification through the use of the SUN Marks and the SUN System.

14.     SUN and its franchisees have spent large sums of money advertising and promoting SUN, the Solar Universe Businesses, and the products and services sold under the various SUN Marks and the SUN System.  As a result of this extensive advertising and promotion, substantial valuable goodwill has been developed in connection with SUN, the Solar Universe Businesses, and the products and services sold under the various SUN Marks.  SUN's franchisees are granted a limited license to use and display the SUN Marks during the term of their franchise agreements.  Franchisees are not authorized to use the Marks after the expiration or termination of their franchise agreements, nor are they authorized to use the SUN Marks in connection with other businesses.

15.     SUN was granted several federal registrations issued by the United States Patent and Trademark Offices on the Principal Register for its SUN Marks, including, but not limited to:

| MARK | REGISTRATION NO. | REGISTRATION DATE |
|------|------------------|-------------------|
| Solar Universe® | 3533679 | November 18, 2008 |
| Solar Universe Network® | 3864893 | October 19, 2010 |

-4-

2471.000/827516.6

BARTKO ZANKEL BUNZEL
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

16. These registrations are valid and enforceable, and the Solar Universe® trademark has been registered over five years and is thus incontestable to the extent provided by 15 U.S.C. § 1065 and 15 U.S.C. § 1115(b).

17. The SUN Marks are inherently distinctive, and have been and continue to be known throughout the United States as identifying and distinguishing the business of SUN and its franchisees.

**B.    The Parties' Written Franchise Agreement**

18. On or about March 16, 2011, SUN and Jersey Electric entered into a written Franchise Agreement pursuant to which SUN granted to Jersey Electric a revocable, limited license to operate a Solar Universe Business in portions of Las Vegas, Nevada for a term of 10 years in exchange for a payment to SUN of $42,102 (hereinafter "Franchise Agreement"). A true and correct copy of the Franchise Agreement is attached hereto as **Exhibit A** and incorporated herein by reference.

19. On or about March 16, 2011, Geczi signed a personal guaranty in which he expressly agreed to personally guarantee all of Jersey Electric's obligations as a franchisee (hereinafter, the "Guaranty"). A true and correct copy of the Guaranty is attached hereto as **Exhibit B** and incorporated herein by reference.

20. Under the terms of the Franchise Agreement, Jersey Electric was obligated to pay certain fees to SUN, including, but not limited to, Royalty Fees in the form of a bi-weekly fee equal to 3% of Gross Sales. (Franchise Agreement, ¶ 3.2.) In addition, Jersey Electric was obligated to pay all taxes, including, but not limited to, sales taxes, excise taxes, withholding taxes, use taxes, and similar taxes on such Fees. (Franchise Agreement, ¶ 3.4.) Further, Jersey Electric was obligated to contribute to a System-wide marketing, advertising, and promotion fund (the "Marketing Fund"). (Franchise Agreement, ¶ 11.3.) To the extent Jersey Electric failed to make any of these payments on time, late fees at the rate of one and one-half percent (1.5%) per month would accrue from the date payment was due until payment was made. (Franchise Agreement, ¶ 3.6.)

BARTKO ZANKEL BUNZEL
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

PLAINTIFF SOLAR UNIVERSE, INC.'S COMPLAINT
Case No. _____

2471.000/827516.6

21.     Under the terms of the Franchise Agreement, Jersey Electric agreed that it would maintain complete and accurate books, records and accounts of its Solar Universe Business. (Franchise Agreement, ¶ 12.1.)  In addition, Jersey Electric acknowledged that it would deliver regular Gross Sales Reports, financial statements, and other reports to SUN at specified intervals. (Franchise Agreement, ¶¶ 12.2-12.4.)

22.     Pursuant to Paragraph 6.1 of the Franchise Agreement, Jersey Electric agreed that its right to use the SUN Marks is nonexclusive and limited to Jersey Electric's operation of a Solar Universe Business pursuant to the terms of the Franchise Agreement.  Jersey Electric further acknowledged that any unauthorized use of the SUN Marks by it would constitute a breach of the Franchise Agreement and an infringement of SUN's rights in and to the SUN Marks. (Franchise Agreement, ¶ 6.1.)

23.     Under the terms of the Franchise Agreement, Jersey Electric recognized that SUN would disclose certain trade secrets, including, but not limited to, technical or non-technical data, formulas, patterns, compilations, programs, devices, methods, techniques, drawings, processes, financial data, financial plans, product plans, passwords, lists of actual or potential customers or suppliers ("Trade Secrets") and other types of proprietary and confidential information ("Confidential Information").  (Franchise Agreement, ¶¶ 1 and 7.1.)  Jersey Electric further acknowledged that the use or duplication of the Trade Secrets or other Confidential Information in any other business venture would constitute an unfair method of competition. (Franchise Agreement, ¶ 7.1.)

24.     Pursuant to the express terms of the Franchise Agreement, Jersey Electric acknowledged that it was essential to the preservation of SUN's Marks, Trade Secrets, and Confidential Information that it would refrain from holding an interest in or operating any business offering or providing the same or similar services as Solar Universe Businesses during the term of the Franchise Agreement ("Competitive Business").  (Franchise Agreement, ¶¶ 7.3 and 7.5.) Accordingly, under the terms of the Franchise Agreement, Jersey Electric agreed that it would not: (1) divert or attempt to divert any business of its Solar Universe Business to any Competitive

2471.000/827516.6

PLAINTIFF SOLAR UNIVERSE, INC.'S COMPLAINT
Case No. _____

BARTKO ZANKEL BUNZEL
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

1   Business; or (2) own an interest in, manage, operate or perform services for any Competitive

2   Business. (Franchise Agreement, ¶¶ 7.3.1 and 7.3.2.)

3         25.    Jersey Electric also agreed that it would strictly comply with SUN System

4   requirements, specifications, standards, operating procedures, and rules as set forth in the

5   Franchise Agreement, the Confidential Operations Manual, and other communications from SUN.

6   (Franchise Agreement, ¶ 10.1.) Consistent with these requirements, Jersey Electric was obligated

7   to purchase all equipment, supplies or inventory necessary for the operation of its business through

8   SUN or a SUN-approved supplier. (Franchise Agreement, ¶ 13.1.)

9         26.    Under the terms of the Franchise Agreement, Jersey Electric additionally

10   agreed that it would not separately market its Solar Universe Business on the Internet without

11   SUN's prior written approval. (Franchise Agreement, ¶ 11.5.) Further, Jersey Electric

12   acknowledged that SUN could establish and maintain an interior page at the

13   www.solaruniverse.com website about Jersey Electric's franchised business. (Franchise

14   Agreement, ¶ 11.5.)

15         27.    Jersey Electric began operating its Solar Universe Business on or about May

16   1, 2011. On or around that same time, SUN created and began maintaining a webpage for Jersey

17   Electric's Solar Universe Business at solaruniverse.com/vegas. The physical address provided on

18   this page for Jersey Electric's franchise is 4325 W. Patrick Ln, Suite 145, Las Vegas, NV 89118

19   (the "Patrick Lane address").

20   **C.    Jersey Electric's Failure to Pay Amounts Owed to SUN and Other**
       **Breaches of the Franchise Agreement**

21

22         28.    Notwithstanding its contractual obligations to timely pay Royalty Fees,

23   Marketing Fund Contributions, equipment costs and other items, beginning in the latter part of

24   2013, Defendant Jersey Electric essentially stopped making current payments to SUN. Although

25   Defendant Jersey Electric continued to book sales and generate revenue through approximately

26   April 2014, Jersey Electric has failed to pay the majority of the associated required Royalty Fees,

27   Marketing Fund Contributions, or outstanding equipment order fees incurred during that time.

28   Instead, Defendant Jersey Electric paid down only the most overdue invoices and continues to

BARTKO ZANKEL BUNZEL
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

BARTKO ZANKEL BUNZEL

One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

1    maintain a substantial outstanding balance of unpaid Royalty Fees, Marketing Fund Contributions,

2    equipment costs and other fees (excluding late fees and interest).

3          29.    In or about May 2014, SUN discovered that Defendants had started doing

4    business in direct competition with SUN under the name "Jersey Solar" and "Jersey Solar

5    Las Vegas" (collectively referred to herein as "Jersey Solar").

6    **D.    SUN'S June 6, 2014 Notice of Default and Defendants' Failure to Comply**

7          30.    On June 6, 2014, SUN issued a written notice of default ("Notice"),

8    identifying Defendants' multitude of contractual breaches in violation of the Franchise Agreement

9    and demanding that Defendants cease their unauthorized operation of Defendants' competing

10   Jersey Solar business.  (A true and correct copy of the Notice is attached hereto as **Exhibit C.**)

11         31.    The Notice informed Defendants that they had 30 days to cure all

12   non-payment obligations and breaches, and to cease operating a Competitive Business (*i.e.*, Jersey

13   Solar).  (*See* **Ex. C** at 5-6.)  Defendants failed to cure any of these breaches, and have not ceased

14   operating their competitive Jersey Solar business.

15         32.    In the Notice, SUN also advised Defendants that as of that date, Defendants

16   owed $453,303.12 in unpaid Royalty Fees, Marketing Fund Contributions, outstanding equipment

17   orders, and other items (excluding any applicable late fees).    The Notice further advised

18   Defendants that they had 14 days (until June 20, 2014) to remit the full amount owed.  (*Id.*)

19   Defendants failed to pay any of the amounts owed to SUN by June 20, 2014.

20         33.    As of the date of this filing, Defendant Jersey Electric still owes

21   $421,976.82 in overdue and unpaid Royalty Fees, Marketing Fund Contributions, and outstanding

22   equipment order fees (exclusive of applicable late fees and interest).

23   **E.    SUN'S Discovery of Jersey Electric's Infringing Actions in Operating
         its Competitive Business, Jersey Solar/Jersey Solar Las Vegas**

24

25         34.    Since discovering that Defendants started a competing business (Jersey

26   Solar), SUN has additionally learned that Defendants are using the SUN Marks, Trade Secrets, and

     Confidential Information in the operation of Jersey Solar.

27

28

35.     Defendants maintain a website advertising Jersey Solar's solar photovoltaic installation services, renewable energy applications and energy consultation at www.jerseysolarlasvegas.com (the "Jersey Solar website"). The Jersey Solar website, which purports to be copyrighted by "Jersey Electric & Solar," identifies Jersey Solar's physical address as 4001 S. Decatur Blvd., #37-467, Las Vegas, NV 89103 (the "Decatur Blvd. address"), which is the approved location for Defendant Jersey Electric's Solar Universe Business under the Franchise Agreement. (Franchise Agreement, ¶ 2.2.) The website additionally lists a telephone number, 877-437-6527, which is the same telephone number for Solar Universe Las Vegas: 1-877-43-SOLAR/1-877-437-6527.

36.     Defendants' Jersey Solar website states: "Jersey Solar, a division of Jersey Electric, works with several area businesses to provide exceptional solar power equipment, installation and service."

37.     The Jersey Solar website uses SUN Marks in a number of locations, further blurring the distinction between Jersey Solar and Jersey Electric's Solar Universe Business. For example, the Jersey Solar biography of Mark Holzhauer is copied word-for-word from the Solar Universe Las Vegas page, and provides, in part:

> "***Mark came to work for Solar Universe*** after he had purchased and installed a Solar Universe SUN System on his own home. Before his purchase, he studied and learned a lot about solar electric systems and then compared a number of suppliers and found that many don't tell you the whole story, e.g., the difference between string inverters and micro inverters. He also found that some companies quote on undersized systems to get your business, hoping you'll add more equipment when you realize you haven't eliminated your electric bill. After his system was operational he maintained contact with Gregg Lawson, ***who later asked Mark to come to work for Solar Universe***." (Emphasis added.)

Similarly, Troy Munnich's Jersey Solar biography has also been duplicated from the Solar Universe Las Vegas page, and states, in part: "Troy has since moved on to 'greener' pastures ***by coming to work for Solar Universe***." (Emphasis added.)

38.     The Jersey Solar website also copies a tagline associated with Solar Universe Las Vegas: "Why Rent Your Power When You Can Own It?" The Jersey Solar website uses this tagline in multiple places on its Residential Solar page.

-9-

BARTKO ZANKEL BUNZEL
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

1           39.    The Jersey Solar website further copies several customer testimonials

2   directly from the Solar Universe website and captions them as "Jersey Solar Testimonials in

3   Las Vegas, NV." For example, the Jersey Solar testimonial page includes a client testimonial for

4   the "Tanciatco Residence," which has been duplicated word-for-word from the Solar Universe

5   Las Vegas webpage, stating:

6                  "*__My experience with Solar Universe Las Vegas__* can be summed up

                as "outstanding!" Installation went along without a hitch! The crucial

7                   question from me as a customer, "Will the system works and be

                worth it's cost?" The success of any business depends on quality,

8                   usefulness, affordability and durability of its product, *__Solar Universe__*

                *__Las Vegas added an important ingredient__*, it's people!" (Emphasis

9                   added.)

10  Likewise, the Jersey Solar testimonial page copies the Cannon Residence testimonial, which

11  provides that "We are very satisfied with *__[S]olar [U]niverse in [L]as [V]egas__*, very knowledgeable

12  and courteous . . . *__we highly recommend [S]olar [U]niverse to everyone__* . . . " (Emphasis added.)

13  Of the twenty-three customer testimonials on Jersey Solar's website, *__all but one__* have been copied

14  from the Jersey Solar Las Vegas webpage.

15          40.    The Jersey Solar website includes a link to a Yelp page for "Jersey Electric

16  & Solar". The Yelp page includes an external link to www.solaruniverse.com, and lists the

17  business address at the Patrick Lane address, which is the same physical address as Defendant's

18  franchised Solar Universe Business according to its Solar Universe webpage. Jersey Electric &

19  Solar's Yelp page lists the 1-877-437-6527 number.

20          41.    The Jersey Solar website also contains a link to a Facebook page for "Jersey

21  Solar Las Vegas". The "About" Section on the Facebook page includes the following description:

22  "Mission . . . *__SolarUniverse__* [*sic*] is about providing clean, affordable solar energy and delivering

23  the best customer experience in Nevada . . . *__SolarUniverse__* [*sic*] is now able to offer customers the

24  benefit of solar . . . " The "About" Section further provides: "Description . . . At Jersey Solar, you

25  get all the benefits of a local company . . . *__Solar Universe__* offers safe, simple, and cost-effective

26  solar electrical system design & installations . . . Why Rent Your Power When You Can Own It?";

27  this Section has been copied directly from the Solar Universe Las Vegas page, but replaces the

28  first few uses of "Solar Universe" with "Jersey Solar." The Facebook page for Jersey Solar

BARTKO ZANKEL BUNZEL
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

-10-

PLAINTIFF SOLAR UNIVERSE, INC.'S COMPLAINT
Case No. _____

Las Vegas additionally lists the Patrick Lane address and the 1-877-437-6527 business number, both which are associated with Jersey Electric's franchised Solar Universe Business. Furthermore, the Facebook page indicates that Jersey Solar Las Vegas joined Facebook on November 14, 2013, well before Jersey Solar Las Vegas was incorporated in March 2014.

42.     The Jersey Solar website also includes a link to an Angie's List page for "Jersey Solar Las Vegas". The Angie's List page provides the Patrick Lane address, and advertises that it has been in business since 2001 -- despite the fact that Jersey Solar Las Vegas only incorporated in March 2014. It further lists the 1-877-437-6527 contact number associated with Solar Universe Las Vegas. In the Section called "Business Description," the Angie's List page provides the following description: "Jersey Solar Las Vegas offers safe, simple and cost-effective solar electrical system design . . . *Why Rent Your Power When You Can Own It*?" (Emphasis added.) Again, this descriptive text has been copied from the Solar Universe Las Vegas webpage, and simply replaced "Solar Universe" with "Jersey Solar Las Vegas."

43.     The Jersey Solar website further contains a link to a BBB Business Review page for "Jersey Solar Las Vegas Inc." Again, the page lists the Patrick Lane address and the 1-877-437-6527 telephone number associated with Solar Universe Las Vegas. The BBB Business Review page additionally advertises that "Jersey Solar Las Vegas Inc." has been a "BBB Accredited Business since 11/17/2011." The page also provides the following statistics: "Business started: 08/09/2001"; "Business started locally: 06/29/2011" and "Incorporated: June 2011, NV." These dates appear to correspond with information relating to Defendant *Jersey Electric, not Jersey Solar*, and further serve to confusingly conflate the two entities.

44.     On information and belief, Defendants have further utilized SUN's Trade Secrets and Confidential Information, including, but not limited to, customer lists and customer data, in order to target customers of SUN and Solar Universe Las Vegas and divert them to their Jersey Solar business.

45.     In sum, since approximately May 2014, Defendants have used the SUN Marks, as well as SUN's Trade Secrets and Confidential Information, to operate their Jersey Solar business in competition with SUN and Defendants' own franchised Solar Universe Business.

-11-

Defendants' conduct includes, among other things: claiming that products and services provided by Defendants' franchised Solar Universe Business are Jersey Solar products and services when they are not; displaying SUN Marks on the Jersey Solar website; duplicating copy from SUN's internal Solar Universe Las Vegas webpage, including, but not limited to, client testimonials and employee biographies; and copying photographs from SUN's internal Solar Universe Las Vegas webpage, all in violation of the Franchise Agreement.

## CLAIMS

46.     This action arises out of Defendants' trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; false advertising and unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a); trademark infringement in violation of Cal. Bus. & Prof. Code § 14245; unfair competition in violation of Cal. Bus. & Prof Code. § 17200; breaches of the Franchise Agreement; and breaches of the Guaranty.

47.     Consistent with the terms of the parties' Franchise Agreement, SUN only seeks injunctive relief by way of this Complaint. All other forms of relief, including monetary damages for Defendants' wrongful conduct and the attorneys' fees/costs SUN has incurred and will incur in prosecuting this action, will be pursued in arbitration.

### FIRST CLAIM FOR RELIEF
### (Lanham Act Trademark Infringement -- 15 U.S.C. § 1114)
### (All Defendants)

48.     SUN hereby incorporates and realleges paragraphs 1 through 47 of this Complaint.

49.     SUN's claim arises under Section 32 of the Lanham Act, 15 U.S.C. § 1114, for the infringement of trademarks registered in the United States Patent and Trademark Office.

50.     As described above, Defendants have used and are using the SUN Marks in connection with the advertising, marketing and offering of solar photovoltaic products and other solar products sold through Defendants' competing Jersey Solar business.

51.     Defendants' activities will nullify SUN's right to the exclusive use of its trademarks and other proprietary symbols and systems free from infringement.

PLAINTIFF SOLAR UNIVERSE, INC.'S COMPLAINT
Case No. _____

2471.000/827516.6

52. Defendants' use of the SUN Marks for the benefit of their competing Jersey Solar business violates SUN's trademark rights and is likely to cause confusion, mistake, and/or deception with consumers as to the source and origin of Defendants' products and services.

53. Defendants' activities have had and will continue to have a substantial, adverse effect on SUN's existing and projected future interstate and intrastate business, including its reputation and business identity, resulting in lost revenue and profits, and diminished goodwill and reputation.

54. Defendants' activities and conduct constitute infringement of each of SUN's registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, by inducing the erroneous belief that Defendants' competing Jersey Solar business and/or their goods are in some manner affiliated with, originate from, or are sponsored by SUN.

55. SUN has no adequate remedy at law because the registered SUN Marks and other proprietary systems and symbols are unique and represent to the public the identity, reputation and goodwill of the SUN Marks and the SUN System. SUN has been and continues to be damaged by Defendants' activities and conduct. Defendants have profited thereby and unless Defendants' misconduct is enjoined, SUN and its goodwill and reputation will continue to suffer irreparable injury. Said injuries cannot be adequately calculated or compensated solely by money damages in that such damages involve impairment of the integrity of SUN's franchise system as well as lost profits, business opportunities, and goodwill. Accordingly, SUN seeks, and is entitled to, preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

56. Defendants' violations of 15 U.S.C. § 1114 were knowing, deliberate, and intentional. Accordingly, SUN is also entitled to recover enhanced damages and its attorneys' fees.

**SECOND CLAIM FOR RELIEF**
**(Lanham Act False Advertising -- 15 U.S.C. § 1125(a))**
**(All Defendants)**

57. SUN hereby incorporates and realleges paragraphs 1 through 56 of this Complaint.

-13-

1   58.   SUN's claim arises under Section 43(a) of the Lanham Act, 15 U.S.C.

2   1125(a), for false advertising.

3   59.   Defendants have intentionally and knowingly misused SUN's distinctive

4   trademarks and other proprietary systems, including, but not limited to, selling products and

5   providing services through their competing Jersey Solar business while using the SUN Marks

6   without permission, license, or authority from SUN in violation of the Lanham Act.

7   60.   Like SUN's authorized franchised businesses, Defendants' Jersey Solar

8   business uses advertising and promotional materials bearing the distinctive SUN Marks.   For

9   example, Defendants use client testimonials that refer to and review SUN and Solar Universe

10   Las Vegas on Defendant Jersey Solar's website.   These statements are misleading because these

11   are clients of SUN and Solar Universe Las Vegas, and refer to the customer's experience with

12   SUN and Solar Universe Las Vegas, not Defendant Jersey Solar.   Defendants' infringement and

13   trademark misuse is calculated and intended to mislead the public into believing Defendants'

14   Jersey Solar business is associated with, franchised by, and/or otherwise approved by SUN.

15   61.   Defendants' false and misleading descriptions misrepresent the nature,

16   characteristics, qualities or origins of Defendant Jersey Solar's products, services, or commercial

17   activities.   Defendants' uses of, among other things, the same physical address, telephone number,

18   photos and website copy used by Solar Universe Las Vegas misrepresent that the Defendants'

19   Jersey Solar business has a common identity with the Solar Universe Las Vegas franchise that

20   Defendants purchased from SUN in 2011.

21   62.   Defendants' representation of their Jersey Solar business is a false and

22   misleading description or representation of fact which is likely to cause confusion, mistake or

23   deception as to the affiliation, connection or association of Defendants' Jersey Solar business with

24   SUN, or as to the origin or approval of Defendants' goods or services by SUN and misrepresents

25   in Defendants' advertising and promotion the nature, characteristics, qualities and origin of

26   Defendants' goods and services as being provided by an authorized franchisee of SUN.

27   63.   Defendants' use of the SUN Marks violates SUN's trademark rights and is

28   likely to cause confusion, mistake, and/or deception with consumers as to the source and origin of

-14-

PLAINTIFF SOLAR UNIVERSE, INC.'S COMPLAINT
Case No. _____

2471.000/827516.6

1   Defendants' products and services.  Defendants' acts have further caused and are likely to cause

2   actual confusion, mistake, and/or deception.

3         64.    Defendants' activities have had and will continue to have a substantial,

4   adverse effect on SUN's existing and projected future interstate and intrastate business, including

5   its reputation and business identity, resulting in lost revenue and profits, and diminished goodwill,

6   particularly in the franchised territory.

7         65.    Defendants' false and misleading statements are material.  The statements

8   are likely to influence consumers' purchasing decisions and to divert customers away from SUN to

9   Defendants' Jersey Solar business.  The statements have caused or will cause the public to be

10  deceived.

      66.    Defendants' activities and conduct constitute false advertising in violation

11  

12  of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

13        67.    SUN has no adequate remedy at law because the registered SUN Marks and

14  other proprietary systems and symbols are unique and represent to the public the identity,

15  reputation and goodwill of the SUN Marks and the SUN System.  SUN has been and continues to

16  be damaged by Defendants' activities and conduct.  Defendants have profited thereby and unless

17  Defendants' misconduct is enjoined, SUN and its goodwill and reputation will continue to suffer

18  irreparable injury.  Said injuries cannot be adequately calculated or compensated solely by money

19  damages in that such damages involve impairment of the integrity of SUN's franchise system as

20  well as lost profits, business opportunities and goodwill.  Accordingly, SUN seeks, and is entitled

21  to, preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

22        68.    Defendants' violations of 15 U.S.C. § 1125(a) were knowing, deliberate,

23  and intentional.

24        69.    Accordingly, the Plaintiff is also entitled to a recovery of enhanced damages

25  and its attorneys' fees.

26

27

28

BARTKO ZANKEL BUNZEL
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

PLAINTIFF SOLAR UNIVERSE, INC.'S COMPLAINT
Case No. _____

2471.000/827516.6

**THIRD CLAIM FOR RELIEF**
**(Lanham Act False Designation of Origin/Unfair Competition -- 15 U.S.C. § 1125(a))**
**(All Defendants)**

70.    SUN hereby incorporates and realleges paragraphs 1 through 69 of this Complaint.

71.    Defendants' acts complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Defendants have included false and misleading descriptions of fact in connection with commercial advertising or promotion on at least their Jersey Solar website, their Yelp page, their Facebook page, their Angie's List page, and their BBB Business Review page.  These activities involve false designation and description of Defendants' business and the misuse of valuable, Confidential Information and Trade Secrets such as lists of actual or potential customers acquired as a direct result of participation in the SUN System.

72.    Defendants' false and misleading statements are material.  The statements are likely to influence consumers' purchasing decisions and to divert customers away from SUN to Defendants' competing Jersey Solar business.  The statements have caused or will cause the public to be deceived.

73.    Defendants' activities have had and will continue to have a substantial, adverse effect on SUN's existing and projected future interstate and intrastate business, including its reputation and business identity, resulting in lost revenue and profits, and diminished goodwill, especially in the franchised territory.

74.    Defendants' activities and conduct are unfair, unlawful, fraudulent, deceptive and misleading, and constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

75.    SUN has been and continues to be irreparably damaged by Defendants' activities and conduct, and SUN has no adequate remedy at law.  Defendants have profited thereby and unless Defendants' misconduct is enjoined, SUN and its goodwill and reputation will continue to suffer irreparable injury.  Said injuries cannot be adequately calculated or compensated solely by money damages in that such damages involve impairment of the integrity of SUN's franchise

-16-

2471.000/827516.6

BARTKO ZANKEL BUNZEL
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

1    system as well as lost profits, business opportunities and goodwill.  Accordingly, SUN seeks, and

2    is entitled to, preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

3            76.    Defendants' violations of 15 U.S.C. § 1125(a) were knowing, deliberate,

4    and intentional.  Accordingly, SUN is also entitled to a recovery of enhanced damages and its

5    attorneys' fees.

6                          **FOURTH CLAIM FOR RELIEF**
                **(California Trademark Infringement -- Cal. Bus. & Prof. Code § 14245)**
7                               **(All Defendants)**

8            77.    SUN hereby incorporates and realleges paragraphs 1 through 76 of this

9    Complaint.

10           78.    Defendants have intentionally and knowingly misused SUN's distinctive

11   trademarks and other proprietary systems in a scheme to divert business from SUN to Defendants'

12   competing Jersey Solar business.  Defendants' acts include, but are not limited to: using

13   advertising and marketing materials bearing the distinctive SUN Marks to promote Defendants'

14   competing Jersey Solar business; offering the same products and services through their competing

15   Jersey Solar business to the same class of customers as those who patronize authorized Solar

16   Universe Businesses; and using the SUN Marks, Trade Secrets and Confidential Information to

17   divert business from authorized Solar Universe Businesses.

18           79.    Like SUN's authorized franchised businesses, Defendants' Jersey Solar

19   business uses advertising and promotional material bearing the distinctive SUN Marks.

20   Defendants' infringement and trademark misuse is calculated and intended to mislead the public

21   into believing Defendants' Jersey Solar business is associated with, franchised by, and otherwise

22   approved by SUN.

23           80.    Defendants' use of the SUN Marks violates SUN's trademark rights and is

24   likely to cause confusion, mistake, and/or deception with consumers as to the source and origin of

25   Defendants' products and services.  Defendants' acts have further caused and are likely to cause

26   actual confusion, mistake, and/or deception.

27           81.    Defendants' activities have had and will continue to have a substantial,

28   adverse effect on SUN's existing and projected future interstate business, including its reputation

-17-

BARTKO ZANKEL BUNZEL
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

1  and business identity, resulting in lost revenue and profits, and diminished goodwill, particularly

2  within the franchised territory.

3      82.   Defendants' activities and conduct constitute infringement of each of SUN's

4  registered trademarks in violation of Cal. Bus. & Prof. Code § 14245.

5      83.   SUN has no adequate remedy at law because the registered SUN Marks and

6  other proprietary systems and symbols are unique and represent to the public the identity,

7  reputation and goodwill of the SUN Marks and the SUN system.  SUN has been and continues to

8  be damaged by Defendants' activities and conduct.  Defendants have profited thereby and unless

9  Defendants' misconduct is enjoined, SUN and its goodwill and reputation will continue to suffer

10 irreparable injury.  Said injuries cannot be adequately calculated or compensated solely by money

11 damages in that such damages involve impairment of the integrity of SUN's franchise system as

12 well as lost profits, business opportunities and goodwill.  Accordingly, SUN seeks, and is entitled

13 to, preliminary and permanent injunctive relief.

### FIFTH CLAIM FOR RELIEF
**(California Unfair Competition -- Cal. Bus. & Prof. Code § 17200)**
**(All Defendants)**

14

15      84.   SUN hereby incorporates and realleges paragraphs 1 through 83 of this

16  Complaint.

17

18      85.   Defendants' conduct as alleged herein involved the misuse of SUN's

19  valuable Marks, Trade Secrets and Confidential Information, which were acquired as the direct

20  result of Defendants' franchise relationship with SUN and participation in the SUN System.  On

21  information and belief, Defendants are using SUN's Trade Secrets, including, but not limited to,

22  lists of actual or potential customers in order to identify potential clients for their Jersey Solar

23  business.

24      86.   Defendants' continued operation of a confusingly similar business involves

25  unfair, deceptive, untrue and misleading advertising and unfair business practices.  Their actions,

26  as described herein, are causing the consuming public to conclude improperly that Defendants are

27  connected or otherwise associated with SUN.

28

BARTKO ZANKEL BUNZEL
One Embarcadero Center, Suite 800
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

87.     Defendants' acts are unfair, unlawful, fraudulent, deceptive and misleading and as such constitute unfair competition and deceptive practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq*.   Unless restrained and enjoined, Defendants' illegal acts will cause irreparable injury and damage to SUN, for which Plaintiff is entitled to injunctive and monetary relief.

### SIXTH CLAIM FOR RELIEF
### (Breach of Franchise Agreement)
### (Defendant Jersey Electric, Inc.)

88.     Plaintiff hereby incorporates and realleges paragraphs 1 through 87 of this Complaint.

89.     Plaintiff has performed all conditions, covenants, and promises required by it to be performed in accordance with the terms and conditions of the Franchise Agreement.

90.     Defendant Jersey Electric has breached the Franchise Agreement by, *inter alia*:  (i) ceasing to operate their Solar Universe Business (Franchise Agreement, ¶¶ 13.3, 13.4); (ii) failing to pay Royalty Fees, Taxes, Late Fees, Marketing Fund Contributions, equipment order fees, and other items; (iii) failing to provide SUN with a monthly statement of Gross Sales, monthly financial statements and other reports (Franchise Agreement, ¶¶ 12.3, 12.4); (iv) operating a Competitive Business – *i.e.,* Jersey Solar (Franchise Agreement, ¶ 7.3); (v) using SUN's Marks without authorization in connection with their operation of Jersey Solar (Franchise Agreement, ¶ 6.2); and (vi) misappropriating, disclosing or using SUN's Trade Secrets and Confidential Information in connection with their operation of Jersey Solar (Franchise Agreement, ¶¶ 7.1, 9.3).

91.     On or about June 6, 2014, SUN notified Defendant Jersey Electric of its defaults and gave it 14 days to remit the amounts owed and 30 days to cure the other defaults. Defendant Jersey Electric failed to do so.

92.     As a result of said breaches, Plaintiff has been substantially damaged and continues to be damaged in an amount that will be established at arbitration, but which amount is estimated to be in excess of $7 million, and includes all unpaid Royalty Fees, Marketing Fund

BARTKO ZANKEL BUNZEL
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

-19-

1  Contributions, and equipment orders, plus late fees, taxes, interest, and attorneys' fees, as well as

2  lost future profits.

3  **SEVENTH CLAIM FOR RELIEF**
**(Breach of Guaranty)**
**(Defendant Brian Geczi)**

4

5  93.   Plaintiff hereby incorporates and realleges paragraphs 1 through 92 of this

6  Complaint.

7  94.   Under the terms of the Guaranty, Defendant Geczi agreed that he would be

8  "personally bound by, and personally liable, for Franchisee's [Jersey Electric, Inc.] breach of any

9  provision in the [Franchise] Agreement, including those relating to monetary obligations and

10  obligations to take or refrain from taking specific actions or engaging in specific activities, such as

11  those contemplated by Sections 6, 7, and 17 of the [Franchise] Agreement."

12  95.   The express terms of the Guaranty further provide that Defendant Geczi

13  consents and agrees that he "shall render any payment or performance required under the

14  [Franchise] Agreement upon demand if Franchisee fails or refuses punctually to do so."

15  96.   Defendant Jersey Electric has breached the Franchise Agreement by, *inter*

16  *alia*: (i) ceasing to operate their Solar Universe Business (Franchise Agreement, ¶¶ 13.3, 13.4);

17  (ii) failing to pay Royalty Fees, Taxes, Late Fees, Marketing Fund Contributions, equipment order

18  fees, and other items; (iii) failing to provide SUN with a monthly statement of Gross Sales,

19  monthly financial statements and other reports (Franchise Agreement, ¶¶ 12.3, 12.4);

20  (iv) operating a Competitive Business – *i.e.,* Jersey Solar (Franchise Agreement, ¶ 7.3); (v) using

21  SUN's Marks without authorization in connection with their operation of Jersey Solar (Franchise

22  Agreement, ¶ 6.2); and (vi) misappropriating, disclosing or using SUN's Trade Secrets and

23  Confidential Information in connection with their operation of Jersey Solar (Franchise Agreement,

24  ¶¶ 7.1, 9.3).

25  97.   On or about June 6, 2014, SUN notified Defendant Jersey Electric of its

26  defaults and gave it 14 days to remit outstanding amounts owed and 30 days to cure the other

27  defaults. Defendant Jersey Electric failed to do so.

28

BARTKO ZANKEL BUNZEL
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

PLAINTIFF SOLAR UNIVERSE, INC.'S COMPLAINT
Case No. _____

98.     Defendant Geczi has breached the Guaranty by failing to render any payments or performance due on Defendant Jersey Electric's behalf.

99.     As a result of said breach, Plaintiff has been substantially damaged and continues to be damaged in an amount that will be established at arbitration, but which amount is estimated to be in excess of $7 million, and includes all unpaid Royalty Fees, Marketing Fund Contributions, and equipment orders, plus late fees, taxes, interest, and attorneys' fees, as well as lost future Royalty Fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SUN respectfully prays for the following relief against Defendants:

1.     A preliminary and permanent injunction enjoining Defendants, their officers, agents, and employees, from:

a.     Unfairly competing with SUN or SUN's franchisees in any manner, including, but not limited to, operating Defendant Jersey Solar or any other competitive business during the term of the Franchise Agreement; and

b.     Engaging in any of the following in the operation of a non-franchised business:

      i.     Using any trademark, service mark, logo or trade name that is identical to or confusingly similar to the SUN Marks;

      ii.     Otherwise infringing upon the SUN Marks or using any similar designation, alone or in combination with any other components;

      iii.     Passing off any of their goods or services as those of SUN's or their authorized franchisees;

      iv.     Causing likelihood of confusion or misunderstanding as to the source or sponsorship of Defendants' business, products or services;

-21-

PLAINTIFF SOLAR UNIVERSE, INC.'S COMPLAINT
Case No. _____

v.     Causing likelihood of confusion or misunderstanding as to Defendants' affiliation, connection or association with SUN and its franchisees;

vi.    Committing unfair trade practices in the conduct of Defendants' businesses;

vii.   Using any of SUN's Trade Secrets and/or Confidential Information, including but not limited to, lists of actual or potential customers or suppliers.

2.     That Defendants be required to file with the Court and to serve upon defendants within 10 days after entry of any injunction order, a written report, under oath, setting forth the manner in which Defendants have complied with the injunction order;

3.     That, within 10 days after the entry of any injunction order, Defendants be required to deliver to Plaintiff or the Court, all products, signs, devices, literature, coupons, advertising, and any other material bearing the infringing designations, all at Defendants' cost;

4.     Attorneys' fees and costs; and

5.     Such other relief as the Court deems just and proper.

DATED:  August 19, 2014

BARTKO, ZANKEL, BUNZEL & MILLER
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
        Margaret G. Foley
        Attorneys for Plaintiff
        SOLAR UNIVERSE, INC.

2471.000/827516.6

PLAINTIFF SOLAR UNIVERSE, INC.'S COMPLAINT
Case No. _____